O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5883 AHM (Ex) | Date | December 16, 2010 |
|---|---|---|---|
| Title | RAYCHELLE PHILLIPS  v. DEUTSCHE BANK NATIONAL TRUST CO., *et al*. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys NOT Present for Plaintiffs: | Attorneys NOT Present for Defendants: | | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

On June 17, 2010, Plaintiff Raychelle Phillips ("Phillips" or "Plaintiff") filed a complaint in state courts against Defendants Deutsche Bank National Trust Co. ("Deutsche Bank"), OCWEN Loan Servicing, LLC, Smart Group Housing and Finance, and First NLC Financial Services LLC.  Defendants removed the case to this court on August 10, 2010,[1] and on August 13, 2010, Deutsche Bank and OCWEN filed a motion to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[2] Plaintiff failed to opposed the Motion, and the Court granted the Motion, dismissing Plaintiff's HOEPA claim with prejudice as time-barred, and her remaining claims without prejudice.[3]

On October 14, 2010, Plaintiff filed a First Amended Complaint[4].  The Complaint alleges numerous causes of action, including mail and wire fraud under 18 U.S.C. § 1343, money laundering under 18 U.S.C. § 1956, violations of unfair competition law under 15 U.S.C. § 45, and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1951, 1961.  On November 5, 2010, Defendants Deutsche Bank and

---

[1] Dkt. No. 1.

[2] Dkt. No. 5.

[3] Dkt. No. 7.

[4] Dkt. No. 8.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5883 AHM (Ex) | Date | December 16, 2010 |
|---|---|---|---|
| Title | RAYCHELLE PHILLIPS  v. DEUTSCHE BANK NATIONAL TRUST CO., *et al.* | | |

OCWEN filed this Second Motion to Dismiss.[5]

Plaintiff has again failed to oppose the motion to dismiss.  "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  Local Rule 7–12.  In addition, Defendants' Motion appears meritorious on its face.

Plaintiff's claims under 18 U.S.C. § 1343, 15 U.S.C. § 45, and 18 U.S.C. § 1956 are DISMISSED WITH PREJUDICE because there is no private right of action under any of these statute.  S*ee Wilcox v. First Interstate Bank of Oregon, N.A.*, 815 F.2d 522, 533 n.1 (9th Cir. 1987) (no private right of action under 18 U.S.C. § 1343).  *See also Gomez v. Wachovia Mortg. Corp.*, 2010 WL 291817, *5 (N.D. Cal. Jan. 19, 2010) (Armstrong, J.) (no private right of action under 15 U.S.C. § 45); *de Pacheco v. Martinez*, 515 F. Supp. 2d 773, 787 (S.D. Tex. 2007) (no private right of action under 18 U.S.C. § 1956); *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000) (same).

Plaintiff has not provided the requisite specificity for her remaining RICO claim.  She has failed to allege facts supporting each element under 18 U.S.C. § 1962.  Accordingly, the Court GRANTS Defendants' motion to dismiss with leave to amend <u>only</u> as to Plaintiff's RICO claim.  Plaintiff must file an amended complaint on or before January 15, 2010.[6]  Failure to file an amended complaint by this date will result in dismissal with prejudice.  Should Plaintiff choose to file a Second Amended Complaint, Plaintiff will not be not permitted to add or raise new claims absent leave of Court.

No hearing is required.  Fed. R. Civ. P. 78; Local Rule 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

[5] Dkt. No. 15.

[6] Amended complaints must be filed at the Civil Intake Window, United States District Court, 312 N. Spring Street, Los Angeles, California 90012.